# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cv22

| | |
|---|---|
| SILVIA TEJESOVA, ) </br> ) </br> Plaintiff, ) </br> ) </br> Vs. ) </br> ) </br> ZAHAY MICHAEL BONE, ) </br> ) </br> Defendant. ) </br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the court upon defendant's Motion to Dismiss. Having carefully considered defendant's Motion to Dismiss and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

### I.  Applicable Standard: Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch

1

126, 127, 2 L.Ed. 229 (U.S.1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

## II. Background

This action concerns an automobile accident that allegedly occurred within Swain County, North Carolina. Plaintiff contends that defendant ran a red stop light, causing plaintiff's vehicle to collide with defendant's vehicle, and resulting in personal injury. Complaint, at ¶¶ 7-10. Plaintiff has alleged that her damages exceed $75,000.00, id., at ¶ 2, that she is a citizen an resident of the Slovak Republic, id., at ¶ 4, and that defendant is a citizen and resident of the State of North Carolina, id., at ¶ 5, and that this court has jurisdiction over the subject matter of this lawsuit through exercise of its diversity jurisdiction under 28, United States Code, Section 1332.

In moving to dismiss, defendant has shown to the court that he is an enrolled member of the Eastern Band of Cherokee Indians and resides within the boundaries of the Qualla Reservation. Zahay Michael Bone Affidavit, at ¶ 2. Defendant has also shown to the court that the alleged accident occurred within the boundaries of the Qualla Reservation, id., at ¶ 3, and he has averred that at the time of the accident plaintiff also resided on the Qualla Reservation of the Cherokee Indians. Id. In his affidavit, defendant asserts his right under the Tribal Code of the Eastern band of Cherokee Indians to have this civil action heard and resolved in Tribal Court.

## III. Discussion

In Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9 (1987), the Supreme Court held, as follows:

> Regardless of the basis for jurisdiction, the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a "full opportunity to determine its own jurisdiction." *Ibid*. In diversity cases, as well as federal-question cases,

3

unconditional access to the federal forum would place it in direct competition with the tribal courts, thereby impairing the latter's authority over reservation affairs.

Id., at 16. Thus, Iowa Mut. Ins. Co. v. LaPlante mandates tribal exhaustion, even if no action is presently pending in Tribal Court. The district court has explained such rule, as follows:

> Nor is a different result required because there is no pending action in tribal court between Fidelity and Bradley. "The tribal exhaustion doctrine is not jurisdictional in nature, but, rather, is a product of comity and related considerations. Where applicable, this prudential doctrine has force whether or not an action actually is pending in a tribal court. Moreover, the doctrine applies even though the contested claims are to be defined substantively by state or federal law."

Fidelity and Guaranty Ins. Co. v. Bradley, 212 F.Supp.2d 163, 166-167 (W.D.N.C. 2002)(Thornburg, J.; citations omitted). Thus, plaintiff's argument in opposition that the Tribal Court does not have jurisdiction because plaintiff elected to file this action in federal court has no merit.

While Fidelity dealt with a contractual issue between Indians and non-Indians, the tribal exhaustion doctrine appears to be equally applicable to disputes sounding in tort. First, the Cherokee Code expressly provides and asserts Tribal jurisdiction over the tortious conduct of all persons which occurs on Indian trust land.

(a) The Cherokee Court of Indian Offenses or any successor Cherokee Court shall have jurisdiction over all persons in civil suits which arise on the Cherokee Indian Reservation and involve the personal, property or legal rights of an individual Indian or an Indian owned business, corporation or other legal entity.

. . .

(c) The Cherokee Court of Indian Offenses or any successor

4

> Cherokee Court shall exercise jurisdiction over tortious conduct of all persons where the conduct occurs on Indian trust land.

The Cherokee Code, §§ 1-2(a)& (c) (2001). The Cherokee Code goes on to provide that "[e]very person who enters the territory shall, by entering, be deemed to have consented to the jurisdiction of the Eastern Band of Cherokee Indians." Id., at § 7-2(a).

Plaintiff's reliance on Strate v. A-1 Contractors and Lyle Stockert, 520 U.S. 438 (1997) for the proposition that Tribal Courts cannot assert jurisdiction over tort actions appears to be inapplicable to this case. First, in Strate, neither the plaintiff nor the defendant were members of the tribe. Second, it was determined that the accident occurred on a road that was not Indian land. Id. Instead, the prevailing law appears to be stated in Smith v. Salish Kootenai College, 434 F.3d 1127 (9th Cir. 2006), cert. denied, 126 S.Ct. 2893 (2006), which held that courts presently with the issue now before this court generally look to two specific facts when considering tribal court jurisdiction over a nonmember:

(1) first, courts look to the "party status" of the nonmember, which is whether the non-member is a plaintiff or defendant, id., at 1131; and

(2) second, courts consider whether the events giving rise to the cause of action occurred within the boundaries of the reservation, id.

Accord Elliott v. White Mountain Apache Tribal Court, 2006 WL 3533147, *3 (D. Ariz. 2006).[1] In this case, the non-member is the plaintiff and it is undisputed that the

---

[1] Due to the limits of electronic filing, a copy of such unpublished decision is incorporated into the docket through reference to the Westlaw citation.

5

accident at issue occurred within the boundaries of the Qualla Reservation of the Eastern Band of Cherokee Indians.

Thus, there is a "colorable question" as to whether the Tribal Court of the Eastern Band of Cherokee Indians has jurisdiction, and under prevailing case law as well as Supreme Court precedent, this court must afford the Tribal Court the first opportunity to determine its own jurisdiction as a matter of comity. Only after plaintiff has exhausted her tribal remedies may she come back to federal court. [2]

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss (#10) be **ALLOWED**, and that this action be **DISMISSED** without prejudice so that plaintiff may first exhaust her remedies in Tribal Court.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United

---

[2] Inasmuch as comity appears to require dismissal without prejudice, the undersigned has not taken up defendant's challenge to the amount in controversy prong of diversity jurisdiction.

States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: January 18, 2007

Dennis L. Howell
United States Magistrate Judge