IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:06CV22

| | |
|---|---|
| SILVIA TEJESOVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| ZAHAY MICHAEL BONE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis Howell. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to dismiss for lack of subject matter jurisdiction to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the Court notes that one piece of crucial evidence related to the location of the accident at issue was not presented to the Magistrate Judge. Because the Magistrate Judge did not have that

evidence, his recommendation was of necessity unable to address the full issue of location.  For the reasons stated herein, the Court declines to dismiss the action.

## I.  PROCEDURAL HISTORY

On September 1, 2006, the Plaintiff filed this action based on diversity jurisdiction arising out of an automobile accident which occurred in Swain County, North Carolina.  The complaint alleges that the Plaintiff is a citizen and resident of Slovakia and the Defendant is a citizen and resident of North Carolina.  The complaint also alleges that on August 4, 2006, the Defendant, who was driving on Drama Road, failed to stop for a "Flashing Red Stop Light" and proceeded into the intersection of Drama Road and U.S. Highway 441 in Swain County, North Carolina.  It is also alleged that his car collided with the car in which the Plaintiff was a passenger, a car which was traveling on U.S. Highway 441.  The Plaintiff sustained personal injuries as a result of the accident.

On November 22, 2006, the Defendant moved to dismiss the action claiming that this Court lacks subject matter jurisdiction.  The Magistrate Judge agreed and recommended dismissing the action without prejudice.

## II.  STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists.  When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."

***Evans v. B.F. Perkins Co., a Div. Of Standex In'l Corp.***, 166 F.3d 642, 647 (4th Cir. 1999) (quoting ***Richmond, Fredericksburg & Potomac R. Co. v. United States***, 945 F.2d 765, 768 (4th Cir. 1991)); *accord, **Velasco v. Government of Indonesia***, 370 F.3d 392, 398 (4th Cir. 2004).

## III.  DISCUSSION

The Plaintiff alleged jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The Defendant moved to dismiss claiming that the Plaintiff must first exhaust her remedies in Tribal Court for the Eastern Band of Cherokee Indians.  The Defendant has filed an affidavit in which he avers that (1) he is a Cherokee Indian who is a member of the Eastern Band of Cherokee Indians; (2) at the time of the accident, the Plaintiff was a resident of the Reservation; (3) the Defendant is a resident

of the Reservation; and (4) the accident occurred on the reservation. **Exhibit 1, Affidavit of Zahay Michael Bone,** *attached to* **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed November 22, 2006.** In the alternative, the Defendant claims there is no proof that the Plaintiff's injuries exceed $75,000. **28 U.S.C. § 1332(a) ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – . . . (2) citizens of a State and citizens or subjects of a foreign state[.]").**

In response to the motion, the Plaintiff filed an affidavit in which she averred that (1) she is a citizen and resident of Slovakia who was "working and visiting North Carolina and living temporarily on the Cherokee Indian Reservation[;]" and (2) she suffered a serious injury to her right eye which continues to need medical treatment and which may result in permanent damage. **Affidavit of Plaintiff, filed December 20, 2006.**

Drama Road is alleged to be a Tribal road. U.S. Highway 441 is a federal highway which runs through the Reservation. The complaint alleges that the collision occurred on U.S. Highway 441. The Defendant claims that the accident occurred "at the intersection of Drama Road (an

Indian Road) and US 441 (a US highway)." **Defendant's Response in Opposition to Plaintiff's Objection to Magistrate Judge Howell's Memorandum and Recommendation, filed February 12, 2007, at 7.** The Plaintiff has attached a copy of the police report to her objections.[1] The report states that the accident occurred "in" Cherokee "on US441." **Police Report, attached to Plaintiff's Objection to Memorandum and Recommendation, filed February 1, 2007.** The investigating officer further notes that "Vehicle #1 was traveling east on drama road when he approached the intersection the operator did not stop for the flashing red light. As vehicle #1 entered the intersection he entered in to the path of vehicle #2. The vehicles collided in the intersection." ***Id.*** Attached to the report is the officer's drawing which clearly shows that the impact occurred on U.S. Highway 441. ***Id.***

"The question of tribal court jurisdiction is a federal question of law[.]" ***Smith v. Salish Kootenai College***, 434 F.3d 1127, 1130 (9th Cir.), ***cert.***

---

[1] The Court does note that it is improper to place evidence before the District Court which was not submitted to the Magistrate Judge and cautions counsel in the future to place all materials before the Magistrate Judge. It is possible that the Plaintiff's attorney did not realize the importance of the police report until after the Memorandum and Recommendation was entered. As a result, the Court will consider the evidence.

*denied*, 126 S. Ct. 2893 (2006); *Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 852 (1985).

> [The] analysis of the tribal court's jurisdiction starts with the Supreme Court's decision in *Montana* [*v. United States*, 450 U.S. 544 (1981)]*,* a pathmarking case concerning tribal civil authority over nonmembers. In *Montana*, the Court found that tribal courts have two bases for their authority. First, tribes possess inherent power "necessary to protect tribal self-government [and] to control internal relations." This includes the inherent power "to determine tribal membership, to regulate domestic relations among members, and to prescribe rules of inheritance for members." Second, tribes possess such additional authority as Congress may expressly delegate. . . . Indian tribes have long been recognized as sovereign entities, possessing attributes of sovereignty over both their members and their territory. The basis for tribal jurisdiction is the tribes' inherent need to define the terms for enrollment, to determine the continuing status of their members, and to regulate relations among their members. Owing to their historical status as "dependent sovereign[s]" within the United States, the tribes hold territory reserved by the United States for the tribes as their principal physical asset. The tribes retain legislative and adjudicative jurisdiction to provide for disposition of reserved lands and to regulate activities on those lands. In general, "the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." This principle is subject to two exceptions: The first exception relates to nonmembers who enter consensual relationships with the tribe or its members; the second concerns activity that directly affects the tribe's political integrity, economic security, health or welfare.
> 
> . . .
> 
> The [Supreme] Court's recent cases . . . demonstrate that there are two facts courts look to when considering a tribal court's civil jurisdiction over a case in which a nonmember is a party. First, and most important, is the party status of the nonmember;

that is, whether the nonmember party is a plaintiff or a defendant. . . . It is the membership status of the unconsenting party, not the status of real property, that counts as the primary jurisdictional fact. The Court has repeatedly demonstrated its concern that tribal courts not require defendants who are not tribal members to defend [themselves against ordinary claims] in an unfamiliar court. Second, the Court has placed some store in whether or not the events giving rise to the cause of action occurred within the reservation. Within the reservation, "[t]o be sure, Indian tribes retain inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians . . . even on non-Indian fee lands[.]"

**Smith, 434 F.3d at 1130-32 (quoting *Montana, supra*, at 564-65) (other internal quotations and citations omitted).** Here, the Plaintiff is a non-member and so the Court looks to the second factor, that is, "whether the cause of action brought by these parties bears some direct connection to tribal lands." ***Id.*, at 1135.** The Plaintiff "suffered [her] injuries on U. S. Highway [441], which, as a federal highway within the reservation, is neither tribal land nor controlled by members of the Tribes." ***Id.*** Here, the Plaintiff's claims are like those alleged by the plaintiff in *Strate v. A-1 Contractors*, 520 U.S. 438, 454 (1997), because she alleges that the Defendant's negligence on a federal highway caused her injuries. In *Smith*, although the truck being driven by the plaintiff was on a federal road within the reservation at the time of the accident, the plaintiff alleged that the accident was caused by negligent maintenance of the truck and he

also alleged that maintenance occurred in a shop controlled by a tribal entity. **Smith, supra.** "Both of Smith's claims, however, implicated [the college's] actions on the college campus, not on the highway. Unlike the accident in *Strate*, where the plaintiff alleged that the defendants' negligence on public roads caused her injuries, Smith alleged negligence occurring on the reservation, on lands and in the shop controlled by a tribal entity, [the college]." *Id.* Moreover, the plaintiff in *Smith* specifically chose to bring his action in tribal court.

In this case, the evidence thus far shows that the Plaintiff, a non-member, was driving on a federal road within the Reservation when the Defendant's alleged negligence occurred on that federal road, not on the Tribal road. The Defendant admits that the accident occurred within the intersection, thus, the accident occurred on a federal highway. **Wilson v. Marchington, 127 F.3d 805 (9th Cir. 1997).**

> "[A tribe's inherent power does not reach] beyond what is necessary to protect tribal self-government or to control internal relations." Neither regulatory nor adjudicatory authority over the [federal] highway accident at issue is needed to preserve the right of reservation Indians to make their own laws and be ruled by them. The *Montana* rule, therefore, and not its exceptions, applies to this case. [The Plaintiff] may pursue her case against [the Defendant] in the [federal] forum open to all [diverse citizens] who sustain injuries on [a federal highway within the Western District of North Carolina]. Opening the

> Tribal Court for [the Defendant's] optional use is not necessary to protect tribal self-government; and requiring [the Plaintiff] to [prosecute] this commonplace [public] highway accident claim in an unfamiliar court is not crucial to "the political integrity, the economic security, or the health or welfare of the [Eastern Band of Cherokee Indians].

***Strate*, 520 U.S. at 459 (quoting *Montana, supra*, at 564, 566) (other quotations and citations omitted).** "'Undoubtedly, those who drive carelessly on a public highway running through a reservation endanger all in the vicinity, and surely jeopardize the safety of tribal members. But if *Montana's* second exception requires no more, the exception would severely shrink the rule.'" ***Boxx v. Long Warrior*, 265 F.3d 771, 777 (9th Cir. 2001) (quoting *Strate*, at 457-58).** "[T]he Tribe is not prevented in any way from exercising [regulatory and adjudicatory power] by being denied the right to adjudicate this garden variety automobile accident. If [this Court was] to find jurisdiction here, "'the exception would swallow the rule because virtually every act that occurs on the reservation could be argued to have some ... welfare ramification to the tribe.'" ***Id.* (quoting *County of Lewis v. Allen,* 163 F.3d 509, 515 (9th Cir. 1998)); *accord, Nord v. Kelly*, \_\_ F.Supp.2d \_\_, 2007 WL 313599, \*7 (D. Minn. 2007) ("In sum, this Court holds that, under *Strate,* a tribal court may not**

**exercise jurisdiction over a nonmember who is involved in an automobile accident on reservation land if the tribe has lost the 'right of absolute and exclusive use and occupation' of that land. If the federal government has granted any kind of right-of-way over a portion of a road – no matter what the scope of that right-of-way and no matter how much tribal control has been exercised over that portion of the road in practice – the tribe no longer has the "right of absolute and exclusive use and occupation," and the tribal court may not exercise jurisdiction over the nonmember[.]") (quoting** *Strate***, 520 U.S. at 456) (other citations omitted));** *Burlington Northern R. Co. v. Red Wolf***, 196 F.3d 1059 (9th Cir. 1999) (Crow Tribal Court lacked jurisdiction over personal injury action by heirs of tribal members killed at railway intersection against railroad, notwithstanding that accident occurred at intersection of tribal road and right-of-way.);** *Wilson, supra* **(Tribal court did not have jurisdiction over action arising from motor vehicle collision occurring on United States highway located within reservation and involving one Indian and one nonmember.).**

> The Supreme Court [in *Nevada v. Hicks*], citing the promotion of tribal self-government and principles of comity (as opposed to a jurisdictional prerequisite), has required litigants to exhaust their tribal court remedies before a district court may evaluate the existence of a tribal court's jurisdiction.  This exhaustion policy provides a tribal court the first opportunity to examine its own jurisdiction, but is subject to the following exception[]: . . . "[w]hen . . . it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by [the main rule established in *Montana v. United States*]," or . . . it is otherwise clear that the tribal court lacks jurisdiction so that the exhaustion requirement" 'would serve no purpose other than delay.'"

***Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1132 (2007) (quoting *Nat'l Farmers*, *supra*, at 857 n.21; *Nevada v. Hicks*, 533 U.S. 438, 459 n.14 (1997)) (other internal citations omitted).**  Because the Tribal Court lacks jurisdiction over this claim, exhaustion is not required.  ***Boxx*, 265 F.3d at 778 (citing *Nevada v. Hicks*, *supra*).**

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is hereby **DENIED**.

**IT IS FURTHER ORDERED** Defendant has to and including 20 days from entry of this Order in which to file answer or other responsive pleading to the complaint herein.

**IT IS FURTHER ORDERED** that within 30 days after such responsive pleading is filed, the parties shall confer as provided by Fed. R. Civ. P. 26(f) and file a proposed discovery plan.  *See also*, **Local Rule 16.1.**

Signed: April 18, 2007

Lacy H. Thornburg
United States District Judge