# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:06CV22

| | |
|---|---|
| SILVIA TEJESOVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | **O R D E R** |
| ZAHAY MICHAEL BONE, ) | |
| ) | |
| Defendant and ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| ANDREA TEJESOVA, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on motion of the Eastern Band of Cherokee Indians (the "Tribe") to intervene and for dismissal of this case. The Plaintiff, Defendant, and Third-Party Defendant have filed responses to the Tribe's motions. For the reasons stated below and in the Court's Memorandum and Order filed April 18, 2007, the motion is allowed in part and denied in part.

The salient facts for determining diversity jurisdiction are essentially undisputed. Plaintiff is a citizen of the Slovak Republic, a foreign nation; Defendant and Third-Party Plaintiff is a citizen of North Carolina, a member of the Tribe, and resident of the Cherokee Indian Reservation; the subject automobile accident occurred on a U.S. Highway within the boundaries of the Cherokee Indian Reservation; and the amount in controversy is alleged to exceed $75,000. **See Complaint, filed September 1, 2006, at 1-2; Exhibit 1, Affidavit of Zahay Michael Bone, *attached to* Defendant's Motion to Dismiss, filed November 22, 2006, ¶ 2.**

Title 28, United States Code, § 1332 states that "[t]he district courts *shall have original jurisdiction* of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." **28 U.S.C. § 1332(a)(2) (emphasis added).**

"[A]n American Indian is now treated as is any other citizen for jurisdictional purposes." **Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3622, at 583; *Warn v. Eastern Band of Cherokee Indians*, 858 F. Supp. 524 (W.D.N.C. 1994).**

While recognizing that sovereign Tribes as well as sovereign States have major and substantial interests in protecting their citizens and rights to self-government, such interests under the facts of this case do not defeat the jurisdiction of this Court or require a transfer of the case to the Cherokee Tribal Court for initial disposition.

**IT IS, THEREFORE, ORDERED** that the motion of the Eastern Band of Cherokee Indians for leave to intervene is **ALLOWED** for the sole purpose of filing the referenced motion.

**IT IS FURTHER ORDERED** that, having allowed the motion to intervene for this limited purpose, and for the reasons set forth above and in the Court's Memorandum and Order filed April 18, 2007, the motion of the Eastern Band of Cherokee Indians to dismiss is **DENIED** in its entirety.

The parties are advised that this matter remains on the Court's October 2008 trial calendar in the Bryson City Division.

Signed: November 13, 2007

Lacy H. Thornburg
United States District Judge