IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:06CV22

| | |
|---|---|
| SILVIA TEJESOVA, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)    <u>O R D E R</u><br>ZAHAY MICHAEL BONE, )<br>)<br>Defendant and )<br>Third-Party Plaintiff, )<br>)<br>Vs. )<br>)<br>ANDREA TEJESOVA, )<br>)<br>Third-Party Defendant. )<br>) | |

**THIS MATTER** is before the Court on the motion of the Eastern Band of Cherokee Indians (the Tribe), to certify that this Court's Order of November 13, 2007, meets the requirements of 28 U.S.C. § 1292(b) for an interlocutory appeal. **Motion to Certify, filed December 3, 2007.** Plaintiff opposes the motion. **Plaintiff's Objection, filed December 13, 2007.**

Title 28, United States Code, Section 1292(b) reads in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

**28 U.S.C. § 1292(b).** This statute provides a means for discretionary review by a court of appeals of appropriately certified interlocutory orders. ***In re Wallace & Gale Co.*, 72 F.3d 21 (4th Cir. 1995);** ***Humphrey v. Prudential Sec., Inc.*, 4 F.3d 313 (4th Cir. 1993);** *see also,* ***Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).**

> A district court's order denying a motion for summary judgment or *denying a motion to dismiss is interlocutory* and may be appealed only (a) if the district court certifies under 28 U.S.C. § 1292(b) that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation and (b) if the court of appeals permits such an appeal.

***The President & Directors of Georgetown College v. Madden*, 660 F.2d 91, 96-97 (4th Cir. 1981) (emphasis added);** *see also,* ***United States v.***

*Fowler*, 646 F.2d 859, 860 (4th Cir. 1981); *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992).

In this case, the Tribe seeks to appeal an Order issued by the undersigned which addressed its motion to intervene in the instant litigation and for dismissal of the case. **Order, filed November 13, 2007; Motion of Eastern Band of Cherokee Indians for Leave to Intervene and for Dismissal of the Case, filed September 27, 2007.** The motion sought permission to intervene in the existing litigation, "in order that [the Tribe] may submit additional evidence and argument showing that this case should be dismissed." *Id.* **at 1.** Specifically, the motion stated:

> The purpose of the dismissal would be to enable Plaintiff Tejesova to re-file the case in the Eastern Cherokee Tribal Court. That Court would then determine whether it has jurisdiction over the Plaintiff's cause of action, and if so, the action would proceed to trial on the merits in that Court. If that Court ruled that it did not have jurisdiction, then Plaintiff would re-file the case in this Court.

*Id.* The Court's Order of November 13, 2007, denied the motion to intervene, observing that the diversity of the parties indicated that the federal district court was the proper forum for the lawsuit. **Order, filed November 13, 2007, at 3.**

As previously noted, the undersigned may certify an interlocutory order for immediate review if two conditions are met: first, if the order involves "a controlling question of law as to which there is substantial ground for difference of opinion," and second, if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." **28 U.S.C. § 1292(b).** Here, the undersigned believes both conditions are satisfied.

**IT IS, THEREFORE, ORDERED** that the Tribe's motion is hereby **GRANTED** and the Court's Order denying the Tribe's motion to intervene is hereby certified for immediate interlocutory appeal provided application to appeal is appropriately made within 10 days from entry of this Order as provided in 28 U.S.C. § 1292(b).

**IT IS FURTHER ORDERED** that further proceedings in this matter are hereby **STAYED**, pending the outcome of the Tribe's application for an appeal to the Fourth Circuit Court of Appeals.

Signed: January 14, 2008

Lacy H. Thornburg
United States District Judge